IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

25-1242

---

UNITED STATES OF AMERICA
           Plaintiff/appellee,

v.

WILFREDO FELICIANO RODRIGUEZ
           Defendant/Appellant.

---

On Appeal from the United States District Court
    For the District of Puerto Rico

---

BRIEF OF THE APPELLANT
WILFREDO FELICIANO RODRIGUEZ

---

Wilfredo Feliciano Rodriguez
#24241-069 Appellant Pro Se
P.O. Box 5000
Yazoo City, MS 39194

# TABLE OF CONTENTS

STATEMENT OF THE ISSUE.............................................. 3

CASES .............................................................. 4

STATUTES & CONSTITUTIONAL PROVISIONS................................ 5

STATEMENT OF JURISDICTION........................................... 6

STATEMENT OF THE CASE............................................... 7

STATEMENT OF FACTS.................................................. 8

ARGUMENT AND CITATION OF AUTHORITY............................ 9,10,11,12

CONCLUSION......................................................... 12

CERTIFICATE OF SERVICE............................................. 13

PRO-SE DECLARATION................................................. 13

# STATEMENT OF THE ISSUES

## I.

The District Court erred denying Mr. Feliciano-Rodriguez a motion pursuant to 18 §3143(b)(1)(B)(i).

CASES

United States v. Mercado-Flores, 312 F. Supp. 3d 249 (2015)......... 9

United States v. Figueroa Rios, 140 F. Supp. 376 (1956)............. 10

Mc. Culloch v. Velez, 364 F. 3d 1, 5 (1st Cir. 2004)................ 10

Steel Co. v. Citizens, 523 U.S. 83 (1998).......................... 10

Arbaugh v. Y&H Corp., 546 U.S. 500 (2006).......................... 11

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760............................................... 11

United States v. Cotton, 535 U.S. 625.............................. 11

Lousiville & Nashville R. Co. v. Motley, 211 U.S. 149 (1908)........ 11

Stirone v. United States, 361 U.S. 212............................. 11

## STATUTES

18 U.S.C. §3143(b)(1)(B)(i).................................... 3,6,8,9

28 U.S.C. §1291................................................ 6

## CONSTITUTIONAL PROVISIONS

Fifth Amendment................................................ 12

Fourteenth Amendment........................................... 12

# STATEMENT OF JURISDICTION

This is an appeal from denial on 02/07/2025 (DE 718) of Motion to Release on Pending Appeal Pursuant to 18 U.S.C. §3143(b)(1)(B)(i). This Court has jurisdiction pursuant to 28 U.S.C. §1291.

## STATEMENT OF THE CASE

The Appellant was the Defendant in the district court and will be referred to by name or as the Defendant. The Appellee, United States of America, will be referred to as the United States or Government. The record will be noted by reference to the document number as set forth in the docket sheet.

## STATEMENT OF FACTS

Appellant moved on 11/15/2024, before district court, to release pending appeal pursuant to 18 U.S.C. §3143(b)(1)(B)(i), with respect to the issues already rasied before this Honorable Court under the Cases No.'s 23-1405; 23-1520 and 23-1706. Appellant is able to be released if it raises a substantial question of law or fact likely to result in reversal but on 02/07/2025, district court denied Appellant's motion arguing that it was persuaded by the Government (DE 717), on 12/02/2024, where the Government states that the Appellant did not rasie a substantial issue of law or fact that could result in reversal.

ARGUMENT AND CITATIONS OF AUTHORITY

I.

The District Court erred
denying Mr. Feliciano-Rodriguez a
motion pursuant to
18 §3143(b)(1)(B)(i).

On 02/07/2025, the District Court denied Appellant's Motion to Release on Pending Appeal holding that it was persuaded by the Government to deny the motion. See 12/02/2024 (DE 717). As the Government did not prove in its summary disposition motion that the U.S. District Court would have jurisdiction in this case. Moreover, the Government dared to affirm that Puerto Rico "is" territory of the U.S. when everybody knows that it ceased to be in 1952 for purposes of statutory interpretation.

"While the United States District for the District of Puerto Rico recognizes that Puerto Rico continues to be governed by the scope of the Territorial Clause. Congress may not legislate as to purely local matters governed by the Puerto Rico Constitution, as binding United States Court of Appeals for the First Circuit precedent denotes.""The mere fact that the Commonwealth is still within the ambit of the Territorial Clause does not render it an unicorporated territory for the purposes of statutory interpretation. Rather, the Territorial Clause continues to allow Congress to treat Puerto Rico differently from the States in as much as Federal legislation is concerned, but not as to purely local intrastate affairs."

Opinion by: Gustavo A. Gelpi under United States v. Mercado-Flores, 312 F. Supp. 3d 249; 2015 U.S. Dist. Also, see United States v. Figueroa Rios, 140 F.

Supp. 376; 1956 U.S. Dist.

It is inconceivable that U.S. Attorneys do not know the fact that the Commonwealth of Puerto Rico ceased to be U.S. Territory in 1952, when they affirm:

"But he is wrong. Here, the district court had both personal and subject matter jurisdiction over criminal offense. The Commonwealth of Puerto Rico is a United States Territory and is not a sovereign distinct from the United States."

See (Motion for Summary Disposition, pag. 18, line 9-12), otherwise, it would be outrageous bad faith or intolerable misconduct. Therefore, whatever document filed by them lacks any reliability, at least in this case. The facts prove that the Commonwealth of Puerto Rico is the one and only one with jurisdiction in this case. The reversal must be granted.

Finally, the district court should have inquired in order to obtain findings that could demonstrate the Government's argument. Instead the Appellant has proven with irrefutable evidence and facts that conviction should be reversed. Appellant states respectfully that it would be useless to insist on what the district court and U.S. Attorneys know perfectly well. Because, if the U.S. District Court for the District of Puerto Rico, when this case began (2004), had taken the responsibility to inquire, sua sponte, in its obligation to determine if it had subject-matter jurisdiction in this case, then the Appellant would not have suffered the egregious prejudice during all of these years as it is affirmed by this Honorable Court under Mc. Culloch V. Velez, 364 F. 3d 1, 5 (1st Cir. 2004), stated as follows:

"Further, a court has 'an obligation to inquire sua sponte into its own subject-matter jurisdiction'".

Also, under Steel Co. v. Citizens for a better env't, 523 U.S. 83 (1998) states:

"Every Federal Appellate Court has a special obligation to satisfy itself

not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede the issue."

Also, the Supreme Court held under Arbaugh v. Y&H Corp., 546 U.S. 500, (2006) as follows:

"Courts, including the United States Supreme Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."

See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760.

Finally, the Supreme Court held under United States v. Cotton, 535 U.S. 625, as follows:

"Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in the district court."

See, Lousiville & Nashville R. Co. v. Mottley, 211 U.S. 149, (1908). So, this Court has taken the responsibility to inquire for correcting such a subject-matter jurisdiction error in this case. Under the Case Numbers; 23-1405; 23-1520 and 23-1706.

Although, as it has been demonstrated, the U.S. does not have jurisdiction in this case, Appellant wants to show how the district court has erred continuously and it has worked skewed in favor of the U.S. Thus, first of all, the Appellant was tried without being charged by the grand jury, (See minute of March 11, 2004 indictment), this is a fatal error according to the Supreme Court which violates Appellant's Constitutional Rights. (See Stirone v. United States, 361 U.S. 212). The district court did not fulfill its duty as a court when it did not inquire into the issues presented but let the Government persuade it. All of this shows how the district court is acting in a partial manner against the Appellant and in favor of the Government, it is always persuaded by the Govern-

ment never by the truth. The court even refused to investigate its' own subject-matter jurisdiction, which it's required to do, instead of relying on the Government's spacious claims. All of these in violation of U.S. Constitution Amendments V & XIV.

CONCLUSION

For the Foregoing reasons the Appellant respectfully asks that this brief be granted as the district court erred in ignoring this serious issue. Because of which this Honorable Court should reverse the Appellant's conviction.

CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing Brief of Appeal, on this 31st day of March, 2025.

United States Attorneys Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Avenue
San Juan, Puerto Rico 00918

Respectfully submitted,

_____
Wilfredo Feliciano-Rodriguez

PRO SE DECLARATION

The Petitioner declares under penalty of perjury that he is a layman in the law and the complex issues involved in this case and should be held to a less stringent standard than an attorney under Haines v. Kerner, 404, U.S. 519, 30 L. Ed 2d 652, 92 S. Ct. (1972), and its progeny cases.

DECLARATION UNDER THE MAILBOX RULE

I declare under the penalty of perjury that this filing was placed in the hands of the prison authorities during the legal mail call during afternoon at FCI Yazoo City Low I, pursuant to Houston v. Lack, this 31st of March, 2025.

Respectfully submitted,

_____
Wilfredo Feliciano-Rodriguez

13

Wilfredo Feliciano-Rodr
#24241-069
FCI Yazoo City Low
P.O. Box 5000
Yazoo City, MS 39194


9589 0710 5270 0402 1641 23





CLERK'S OFFICE
UNITED STATES COURT OF APPEALS
JOHN JOSEPH MOAKLEY U.S. COURTHOUSE
1 COURTHOUSE WAY - SUITE 2500
BOSTON, MASSACHUSETTS 02210

LEGAL MAIL